United States District Court
Northern District of Alabama

Jeremy Pinson,
    Plaintiff,

v.

John Rathman,
Jose Santana,
Wilbert Davis, (FNU) West,
    Defendants

No. _ CV-11-AR-3842-E-HGD

COMPLAINT

FILED
2011 NOV -7 P 1:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## Jurisdiction

1. Jurisdiction is asserted pursuant to 28 U.S.C. 1331 and Bivens v. Six Unknown Agents, 403 US 388 (1971), 28 U.S.C. 1332 as to defendant West.

## Parties

2. Jeremy Pinson is an inmate formerly housed at FCI Talladega.
3. John Rathman is employed as Warden, FCI Talladega, 565 Renfroe Rd., Talladega, AL, 35160.
4. Jose Santana is employed as DSCC chief, 346 Marine Forces Dr., Grand Prairie, TX, 75051.
5. Wilbert Davis is employed as Lieutenant, FCI Talladega, 565 Renfroe Rd, Talladega, AL, 35160.

1

5. FNU West is an inmate in FCI Talladega S.M.U.

## Claim

6. Defendants violated Plaintiff's 8th Amendment Rights.

## Supporting Facts

7. Plaintiff is serving a 252-month prison sentence.
8. Plaintiff was housed in the FCI Talladega S.M.U. from Aug. 9, 2009 until Feb. 7, 2011.
9. Plaintiff is a former member of Florencia 13, a gang based in Los Angeles, CA.
10. Plaintiff cooperated with the Dept. of Justice against his gang and as a result a contract to kill plaintiff was taken out against plaintiff by Florencia 13 and the Mexican Mafia.
11. The U.S. Attorneys Office notified the BOP by letter that gangs desired to harm or kill the plaintiff.
12. Despite the threat plaintiff was designated to an SMU, known as a Gang Unit.
13. Plaintiff advised defendants Rathman, Santana and Davis inmates in SMU were conspiring to kill plaintiff.
14. Defendants refused to move plaintiff out of the SMU.
15. Defendants refused to designate Plaintiff to WITSEC.

2

16. All of Plaintiff's requests regarding his safety were denied by the defendants.
17. On Jan. 9, 2011 defendant Davis escorted Plaintiff to his shower. While there Plaintiff could view the B-Range housing tier.
18. Inmate West, an active gang member allied with certain members of Plaintiff's former gang, asked to use the phone while plaintiff was in the shower. As a result a food slot in his cell door was opened.
19. Inmate West had a history of stabbing inmates using homemade spears and plaintiff believed West was using the phone as a ruse to stab plaintiff.
20. Upon completing the shower, Davis returned to escort plaintiff to his cell. Plaintiff quietly asked Davis to secure West's food slot before beginning the escort. Davis refused and ordered plaintiff to submit to hand restraints.
21. Plaintiff complied and was removed from the shower. As plaintiff passed West's cell West thrust a homemade spear through his food slot toward plaintiff's ribcage. Plaintiff broke free from Davis' grip and jumped several feet forward narrowly avoiding the spear.

3

22. Defendants Rathman and Santana had failed to act on a transfer request by Plaintiff's case manager for over a year before West's attempted assault. They knew of the danger and the likelihood such would occur but still forced plaintiff to live in SMU with enemy gangs.

23. As a result of defendants' actions plaintiff was almost killed and suffered serious mental and emotional trauma.

## Requested Relief

24. Compensatory damages of $1.00 (Davis, Rathman, Santana).
25. Punitive damages of $1.00 (Davis, Rathman, Santana).
26. Costs of this action be taxed against the defendants.
27. Punitive Damages of $75,000 (West).

The aforegoing is true and correct under penalty of perjury. 28 U.S.C. 1746.

11-1-2011
Date

Jeremy Pinson #16267-064
ADX Florence
PO Box 8500
Florence CO 81226

4